Robert L. Stephens, Jr.
SOUTHSIDE LAW CENTER
19 N. 25th Street, Suite E
P.O. Box 1438
Billings, MT 59103-1438
(406) 245-6182
Fax: (406) 259-9475
rstephens@southsidelaw.net
Attorney for Plaintiff

FILED
BILLINGS DIV.

2010 SEP 10 PM 2 14

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BILLINGS DIVISION

| | |
|---|---|
| JESSE BROWN, | Case No. CV 10-110-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | COMPLAINT |
| MATTINGLY TESTING SERVICES, INC. (MTS, INC.), a Montana Business Corporation, | |
| Defendant. | |

COMES NOW the Plaintiff, and for his cause of action against the Defendant, respectfully states as follows:

### JURISDICTION

1.  The District Court has original jurisdiction pursuant to the federal "whistle

blower" statutes, § 211 of the Energy Reorganization Act of 1974 as amended. 42 U.S.C. §5851 and §11(c) of the Occupational Health and Safety Act, 29 U.S.C. §660(c).

2. That the Plaintiff at all times hereinafter mentioned was an employee of MTS, Inc., and was a certified technician for handling hazardous radioactive materials.

3. The Defendant employer was licensed by the Nuclear Regulatory Commission (NRC) to use various hazardous radioactive substances as part of its business activities.

## STATEMENT OF CLAIM

4. That on or about August 4, 2009, the Plaintiff, in the absence of any employer responses to his objections to unsafe practices, filed a complaint with the Occupational Safety and Health Administration (OSHA) and the NRC regarding safety and health hazards due to employee exposure to radiation and radiographic exposure devices containing radioactive material without appropriate safe guards.

5. That the Plaintiff was acting as a "whistle blower" under 42 U.S.C. §5851 and §11 (c) of the Occupational Safety and Health Act, 29 U.S.C. 660(c).

6. On or about the first part of September, 2009, the Plaintiff was given a write up and on September 4, 2009, was told to surrender his equipment to his employer. The Plaintiff had initiated an informal grievance dispute resolution process according to the employer's practice, however, the employer declined to address the complaints and or grievances of the employee as provided under the employer's informal grievance procedures. The Plaintiff has exhausted the employer provided remedies.

7. That on or about October 2, 2009, the Plaintiff filed a complaint of retaliatory

discharge with the U.S. Department of Labor. No resolution to that administrative complaint has occurred.

8. That the Plaintiff has been continuously unemployed since the date of his discharge and has been unable to find comparable employment in his field of expertise. In addition, because of his retaliatory discharge he has been forced to relocate and has lost property which had to be liquidated in order to accommodate the relocation. The Plaintiff continues to suffer lost wages and in addition to all other damages is entitled to prejudgment interest from and after the effective date of discharge.

9. That the conduct of the Defendant in making the retaliatory discharge was malicious and in addition to all other damages, the Plaintiff is entitled to recover punitive damages.

10. That under the provisions of Title 42 U.S.C. §5051(b)(2)(B) relating to retaliatory discharge of whistle blowing employees, the Plaintiff is entitled to an award of compensatory damages for lost wages, value of loss of fringe benefits and incidental damages including emotional pain and suffering.

11. That in addition to all other damages, Plaintiff is entitled to an award of litigation costs including reasonable attorney's fees pursuant to Title 42 U.S.C. § 5851(e)(2).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That the Plaintiff be awarded all lost wages, income and fringe benefits from and after September 4, 2009.

2. That the Plaintiff be awarded prejudgment interest on all damage sums.

3. That the Plaintiff be awarded punitive damages in a sum as may be

determined at time of trial.

4.     That the Plaintiff be awarded all compensatory damages as authorized under the federal whistle blowing statutes.

5.     That the Plaintiff be awarded costs of litigation including reasonable attorney's fees.

6.     That the Plaintiff be awarded such further additional relief as may be just, proper and equitable.

DONE and DATED this 10th day of September, 2010.

_____
Robert L. Stephens, Jr.
Attorney for Plaintiff